**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-cr-20006-HUCK

UNITED STATES OF AMERICA,

v.

JAMAAL CALLOWAY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** is before the Court following an Order of Referral to conduct a proceeding for acceptance of a guilty plea by Defendant Jamaal Calloway. Based upon the change of plea hearing conducted on March 18, 2024, this Court makes the following findings, and recommends that the guilty plea be accepted.

1. The undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Referral from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3.      Defendant pled guilty to Counts 1, 2, and 7 of the Indictment, which charge him with dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A); possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and unlawful transfer and possession of a machine gun, in violation of 18 U.S.C. § 922(o)(1).  I advised Defendant that the maximum penalty the Court could impose as to Count 1 is a term of up to five years imprisonment, followed by a term of supervised release of up to three years; as to Count 2 is a term of up to 15 years imprisonment, followed by a term of supervised release of up to three years; and, as to Count 7, a term of imprisonment of up to 10 years, followed by a term of supervised release of up to three years.  In addition to any term of imprisonment, the Court may impose a fine of up to $250,000.00 per count, and the Court will assess a mandatory special assessment of $100.00 per count, which Defendant has agreed is due to be paid at the time of sentencing.  Defendant was also advised of the possibility of restitution, forfeiture, and the potential for immigration consequences including deportation.  Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4.      To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial in a written Factual Proffer, which Defendant and his attorney signed.  The Government established all the essential elements of the crime to which Defendant is pleading guilty.  Defendant acknowledged that the facts contained in the written Factual Proffer were accurate, and defense counsel took no exception or objection to the facts proffered.

5.      The Parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he had reviewed the entire agreement with counsel before he signed it.  Defendant acknowledged that he is satisfied

with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant indicated that he has reviewed discovery with counsel.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

7. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1, 2, and 7 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

8. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing will be set by separate order.

As I advised the Parties in open court, the Parties will have **THREE (3) CALENDAR DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 18th day of March, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:	The Honorable Paul C. Huck
	Counsel of Record